# EXHIBIT #9

**Group 2 – Google's Responsive Claim Construction Brief**
**(Civil Case Nos. 6:20-cv-00574-ADA, 6:20-cv-00576-ADA, 6:20-cv-00579-ADA, and 6:20-cv-00580-ADA)**



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/770,868 | 02/03/2004 | Sami Inkinen | 886A.0006.U1(US) | 1049 |

29683    7590    06/12/2008
HARRINGTON & SMITH, PC
4 RESEARCH DRIVE
SHELTON, CT 06484-6212

| EXAMINER |
|---|
| BARQADLE, YASIN M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2153 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 06/12/2008 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

WSOU_576_8595283-0000302

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 10/770,868 | INKINEN ET AL. |
| | Examiner | Art Unit |
| | YASIN M. BARQADLE | 2153 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>04 February 2008</u>.
2a)☐ This action is **FINAL**.   2b)☒ This action is non-final.
3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1,8-10,16,18,19 and 24-36</u> is/are pending in the application.
   4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5)☐ Claim(s) _____ is/are allowed.
6)☒ Claim(s) <u>1, 8-10,16-16,18-19 and 24-36</u> is/are rejected.
7)☐ Claim(s) _____ is/are objected to.
8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.
10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   a)☐ All   b)☐ Some * c)☐ None of:
   1.☐ Certified copies of the priority documents have been received.
   2.☐ Certified copies of the priority documents have been received in Application No. _____.
   3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
   * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)
2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3)☐ Information Disclosure Statement(s) (PTO/SB/08)
   Paper No(s)/Mail Date _____.
4)☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____.
5)☐ Notice of Informal Patent Application
6)☐ Other: _____.

U.S. Patent and Trademark Office
PTOL-326 (Rev. 08-06)   Office Action Summary   Part of Paper No./Mail Date 20080609

WSOU_576_8595283-0000303

Application/Control Number: 10/770,868                                          Page 2
Art Unit: 2153

## *Response to Amendment*

Applicant's arguments filed on February 04, 2008 have been considered but are moot in view of the new grounds of rejection.

- Claims 2-7, 1-14, 17, and 20-23 have cancelled.
- Claims 1, 8-10,16,18-19 and 24 have been amended.
- Claims 25-36 are newly added.
- Claims 1, 8-10,16-16,18-19 and 24-36 are presented for examination.
-

## ***Claim Rejections - 35 USC § 112***

The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

Claim 33 rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention. It is not clear if claim 15 is being incorporated in claim 33. It seems the structure of device 15 is being included in the claim. Correction/ clarification for this matter is requested. For the sake of examination Examiner assumes the Applicant is referring to device 27 (see claim similar recitation in claim 1).

Application/Control Number: 10/770,868 Page 3
Art Unit: 2153

Response "The client software constantly monitors the user's web access activity and can analyze those frequently visited web pages more recently. When the user's download activity is low, the client software can pre-download such sites." 0165).

### *Claim Rejections - 35 USC § 112*

The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

Claim 24 recites the limitation " the item" line 13. There is insufficient antecedent basis for this limitation in the claim.

Claim 31 recites the limitation " the content line 4. There is insufficient antecedent basis for this limitation in the claim.

Claim 35 recites the limitation " the content line 2. There is insufficient antecedent basis for this limitation in the claim

Claim 36 recites the limitation " the item" line 7. There is insufficient antecedent basis for this limitation in the claim.

.

### *Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

Application/Control Number: 10/770,868 Page 4
Art Unit: 2153

> A person shall be entitled to a patent unless –
>
> (e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, or on an international application by another who has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371(c) of this title before the invention thereof by the applicant for patent.

The changes made to 35 U.S.C. 102(e) by the American Inventors Protection Act of 1999 (AIPA) and the Intellectual Property and High Technology Technical Amendments Act of 2002 do not apply when the reference is a U.S. patent resulting directly or indirectly from an international application filed before November 29, 2000. Therefore, the prior art date of the reference is determined under 35 U.S.C. 102(e) prior to the amendment by the AIPA (pre-AIPA 35 U.S.C. 102(e)).

Claims 1, 9, 16, 18-19, 24-31 and 33-36 are rejected under 35 U.S.C. 102(e) as being anticipated by Horvitz et al (US Patent No. 6182133), hereinafter "Horvitz".

As per claims 15 and 24, Horvitz teaches a device and method comprising: a user interface configured to allow a user to select an item of content ( ("Specifically, once a user, at a client computer, enters an address (e.g., a URL) of a desired web page, a set containing web addresses of pages, that based on the user model are each likely to be accessed next, in the same session, or within a given time horizon thereof by that user, are determined, with corresponding files for those pages prefetched by the client computer during intervals of low processing activity and/or low network activity, or when an

Application/Control Number: 10/770,868 Page 5
Art Unit: 2153

incremental rate of change in utility, of continuing current activity is determined to be lower than an expected value of the utility of fetching potential future content." (Col. 4, lines 20-30);

    one or more components (processor 540 or communication I/F 550, fig. 5), and a content transfer controller control means (component 650, fig. 6) configured to determine an acceptable activity period by monitoring usage of the one or more components over a particular time duration (col. 4, lines 20-36 and col. 42, lines 41 to col. 43 line 8), and wherein the content transfer controller is configured to determine that an acceptable activity period is present when the usage of the one or more components is determined to have been below a particular threshold level over the particular time duration  (Col. 4, lines 20-36), the content transfer controller being arranged:
to receive the item of content, and to store the item of content on memory (col. 9, lines 46-59).

As per claims 1, Horvitz teaches a system comprising the device as claimed in claim 15 and a content provider device (fig. 1, server 60), wherein the device of claim 15 comprises a content receptor device (fig. 1, client 10), wherein the content provider device is operable to transfer an item of content to the content receptor device upon initiation by the content receptor device ( col. 9, lines 46-57 and col. 25, lines 11-30)

As per claims 9, Horvitz teaches system according to claim 1, wherein the content provider device is arranged to configure the content into a form suitable for delivery with regard to delivery capabilities of the content receptor device (col. 24, lines 17-35 and col. 37, lines 42-47).

As per claims 16, Horvitz teaches device according to claim 15, wherein the content transfer controller is arranged to distinguish between different threshold levels of device activity (col. 11, lines 20-67).

As per claims 19, Horvitz teaches a device according to claim 15, wherein the content transfer controller is configured to terminate the transfer of the item of content activity upon interruption of an acceptable level of device activity by an unacceptable level of device activity (col. 25, lines 11-27).

As per claims 25, Horvitz teaches device according to claim 15, wherein the content transfer controller is configured to suspend the transfer of the item of content until a period of acceptable device activity upon interruption of an acceptable level of device activity by an unacceptable level of device activity (col. 36, lines 24-28).

Application/Control Number: 10/770,868 Page 7
Art Unit: 2153

As per claims 26, Horvitz teaches device according to claim 15, wherein the item of content has an associated transmission duration which can be analyzed by the content transfer controller, and the content transfer controller is arranged to analyze whether a sufficient duration of an acceptable level of device activity is available for the transfer of the content (col. 36, lines 14-45).

As per claim 27, Horvitz teaches a device comprising (fig. 6, device 30): a user interface configured to allow a user to select an item of content (fig. 6, browser 35 and col. 4, lines 20-30 and col. 8, lines 31-51), a second device (processor 540 or communication I/F 550, fig. 5), and a content transfer controller (component 650, fig. 6) configured to determine device activity by analyzing activity of the second device over a time duration and to predict therefrom acceptable device activity levels for subsequent time durations (col. 4, lines 20-36 and col. 42, lines 41 to col. 43 line 8; col. 27, lines 1-27), the content transfer controller being arranged to initiate transfer of the item of content from a content provider device at a predicted time of acceptable device activity level (col. 4, lines 20-36 and col. 42, lines 41 to col. 43 line 8), the device being operable to receive the item of content and to store the item of content on memory (col. 9, lines 46-59).

As per claims 18, Horvitz teaches A device according to claim 27, wherein the content transfer controller is arranged to determine device activity by

Application/Control Number: 10/770,868 Page 8
Art Unit: 2153

monitoring the usage of one or more components of the second device over the time duration (col. 4, lines 20-3; col. 42, lines 41 to col. 43 line 8. See also col. 27, lines 1-27).

As per claim 28, Horvitz teaches a device according to claim 27, wherein the content transfer controller is arranged to distinguish between different threshold levels of device activity (col. 11, lines 20-67).

As per claim 29, Horvitz teaches a device according to claim 27, wherein the content transfer controller is configured to terminate the transfer of the item of content upon interruption of an acceptable level of device activity by an unacceptable level of device activity (col. 25, lines 11-27).

As per claim 30, Horvitz teaches a device a device according to claim 27, wherein the content transfer controller is configured to suspend the transfer of the item of content until a period of acceptable device activity upon interruption of an acceptable level of device activity by an unacceptable level of device activity (col. 25, lines 11-27).

As per claim 31, Horvitz teaches a device according to claim 27, wherein the item of content has an associated transmission duration which can be analyzed by the content transfer controller, and the content transfer controller

WSOU_576_8595283-0000310

Application/Control Number: 10/770,868 Page 9
Art Unit: 2153

is arranged to analyze whether a sufficient duration of an acceptable level of device activity is available for the transfer of the content (col. 25, lines 11-30)

As per claim 33, Horvitz teaches a system comprising the device (fig. 1, client computer 10) as claimed in claim 27 and a content provider device (fig. 1, server 60), wherein the device of claim 15 comprises a content receptor device, wherein the content provider device is operable to transfer an item of content to the content receptor device upon initiation by the content receptor device (col. 24, lines 43-47).

As per claim 34, Horvitz teaches a system according to claim 33, wherein the content provider device is arranged to configure the item of content into a form suitable for delivery with regard to delivery capabilities of the content receptor device (col. 24, lines 17-35 and col. 37, lines 42-47).

As per claim 36, this is a method claim with similar limitations as claim 27 above. Therefore, it is rejected with the same rationale.

Claims 1, 9, 16, 18-19, 24-31 and 33-36 are rejected under 35 U.S.C. 102(e) as being anticipated by Roberts et al (US Patent No. 6,920,110), hereinafter "Roberts".

As per claims 15, 24, 27 and 36, Roberts teaches a device and method comprising:

a user interface configured to allow a user to select an item of content ( (see fig. 1)

one or more components (col. 2, lines 36-49 and col. 8, lines 48-64) and a content transfer controller control means configured to determine an acceptable activity period by monitoring usage of the one or more components over a particular time duration (col. 8, lines 48-64 and col. 10, lines 54-59), and wherein the content transfer controller is configured to determine that an acceptable activity period is present when the usage of the one or more components is determined to have been below a particular threshold level over the particular time duration  (col. line 8, lines 30-64 and col. 10, lines 54-59) the content transfer controller being arranged:

to receive the item of content, and to store the item of content on memory col. 8, lines 48-64 and col. 10, lines 54-64).

As to claims 1, 9, 16, 18-19, 25-31 and 33-35 Roberts teaches substantially the claimed limitations (See fig. 4-10 and col. 8, lines 48-64 and col. 10, lines 54-64).

### *Claim Rejections - 35 USC § 103*

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

Application/Control Number: 10/770,868                                      Page 11
Art Unit: 2153

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

Claims 8 and 32 are rejected under 35 U.S.C. 103(a) as being unpatentable over Horvitz et al (US Patent No. 6182133) in view of Andrew et al. (US 6259819).

For claims 8 and 32, Horvitz et al teaches everything (see supra claim 15 discussion) except compressing the transferred content. The general concept of compressing is well known in the art as illustrated by Andrew et al (see Column 1, lines 23-26). Given the teaching of Horvitz, It would have been obvious at the time of invention for an ordinary person skilled in the art to modify Horvitz et al to compress the transferred content in order to save storage as taught by Andrew et al. (see Column 1, lines 23-26, "An advantage of compressing a digital image is that compressed digital image data physically occupies less storage space on the a storage device and it can be transmitted efficiently in a low bandwidth network.

10. Claims 10 and 35 is rejected under 35 U.S.C 103(a) as being unpatentable over Horvitz et al in view of King et al (EP 0993165).

WSOU_576_8595283-0000313

Application/Control Number: 10/770,868 Page 12
Art Unit: 2153

Horvitz et al teaches everything (see supra for claim 1 discussion) except content provider device having a wireless transmitter and content receptor device includes wireless receptor device.

The general concept of content providing device having wireless transmitter and content receiving device having wireless receiver is well known in the art as illustrated by King et al. (See Fig 1A, Item 12, SERVER connected to WIX[R]ELESS NETWORK, which implies server has a wireless transmitter) and mobile unit has a receiver (See Fig. 1A, Item 16-1, "MOBILE DEVICE 1", since mobile unit is connected to wireless network, it should have an wireless receiver).

It would have been obvious for an ordinary person in skilled in the art to modify Horvitz et al to have wireless transmitter inside the content provider device and a wireless receiver insider the content receiving device in order to be mobile as taught in King et al. (Mobile units means, they are mobile; see, Fig. 1A, serving various mobile units, 16-1, o.. 16n)

## Conclusion

The prior made of record and not relied upon is considered pertinent to applicant's disclosure.

Application/Control Number: 10/770,868	Page 13
Art Unit: 2153

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Yasin Barqadle whose telephone number is 571-272-3947. The examiner can normally be reached on 9:00 AM to 5:30 PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Glenn Burgess can be reached on 571-272-3949. The fax phone numbers for the organization where this application or proceeding is assigned are 703-872-9306 for regular communications and 703-746-7238 for After Final communications.

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is 703-305-3900.

Information regarding the status of an application may be obtained form the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either private PAIR or public PAIR system. Status information for unpublished applications is available through private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free).

/Yasin M Barqadle/

Primary Examiner, Art Unit 2153

Application/Control Number: 10/770,868 Page 14
Art Unit: 2153

WSOU_576_8595283-0000316